UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV167-EHJ

GLORIA DRAKE,
on behalf of Jared J. Banks                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                           DEFENDANT

## MEMORANDUM AND OPINION

This matter is before the Court on plaintiff's objections to Magistrate Judge King's Report and Recommendation that the Commissioner's decision to discontinue supplemental security income benefits be upheld. After conducting a de novo review of plaintiff's specific written objections, the Court accepts the recommendation and the Commissioner's determination is affirmed.

Plaintiff's primary objection to the magistrate's report is based upon the ALJ's alleged erroneous application of what is commonly called the "treating physician rule." Plaintiff argues that the ALJ and the magistrate failed in applying the rule when Dr. Hall and Dr. Glasscock's disabling opinions were not given controlling weight. The rule applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §416.927(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, SSR 96-2p.

The ALJ declined to give controlling weight to the opinions of treating psychiatrist Dr. Hall and treating psychologist Dr. Glasscock because their opinions were not adequately supported by sufficient objective medical evidence. In fact, Dr. Hall's disabling opinions were not supported by

any medical data, and the "marked" limitations assigned by Dr. Hall lacked any support whatsoever in the treatment notes. Dr. Glasscock's findings were equally unsupported, despite his June 12, 2003 letter in which he attempts to justify his findings by referencing medical literature (Tr. 421-422). And, as noted by the magistrate, Dr. Glasscock's findings are particularly suspect because the claimant's IQ results were in the borderline to low average range, results which simply do not reflect the "marked" cognitive limitation found by Dr. Glasscock.

This Court disagrees with plaintiff's interpretation of Dr. Wagner's testimony as testimony "that the testing performed by Dr. Glasscock was valid." (Plaintiff's Objections, page 3) Dr. Wagner's testimony at the hearing appears to call into serious question Dr. Glasscock's findings. Dr. Wagner noted, "The school records are not at all showing the level of difficulty that Dr. Glasscock is suggesting in his summary notes, certainly. His individual session notes are inconsistent even with his summary note . . . ." (Tr. 628). In fact, Dr. Wagner's testimony, as cited by plaintiff at Tr. 627, indicates that Dr. Wagner cannot say whether the testing results of Dr. Glasscock were valid, as no scores were reported. Apparently, Dr. Wagner had no independent basis for declaring Dr. Glasscock's testing valid or invalid without the raw data and scores, and this is reflected in his answers to counsel's questions:

Q: Dr. Wagner, was any additional testing done by Dr. Glasscock? Any test results invalid as far as the objective testing?

A: <u>Can't say</u>. He didn't report the scores.

Q: Did he comment on the invalidity or validity of them?

A: <u>He</u> did. <u>He said they were valid</u>, like the MMPAI, <u>he considered to be valid</u> and the child impression scale and the child anxiety scales I think <u>he felt were valid</u>. (Tr. 627)

Plaintiff next erroneously asserts that the case was denied by the ALJ based upon an opinion obtained from the child's teacher, and that a teacher is not an acceptable medical source for providing a medical opinion. The Court agrees with plaintiff to the extent that a teacher cannot provide a medical opinion. However, it is clear from this Court's review of the evidence, Dr. Wagner's testimony, and the ALJ's Decision that the treating physicians' opinions were not given controlling weight because they were unsupported by sufficient objective medical evidence. That the child's teacher provided information that was consistent with Dr. Glasscock's treatment notes but inconsistent with his disabling opinions was a factor properly considered by the ALJ at the fourth prong of the treating physician rule, Social Security Ruling 96-2p.

Finally, plaintiff argues that the magistrate failed to "address Counsel's Argument that Dr. Glasscock's opinion was not only based upon his longtime treatment of the child but also upon objective test results and his contact with other sources to provide assistance in evaluating the child's condition." (Plaintiff's Objections, page 4) This Court finds that the magistrate's report thoroughly analyzes Dr. Glasscock's disabling opinion, and concludes that it is lacking in objective medical support. The record would further reflect Dr. Glasscock's apparent ignorance of the definition of "cognitive function." Furthermore, the record speaks for itself with regard to Dr. Glasscock's objective test results (the supporting data for which was never provided, despite the ALJ giving plaintiff the opportunity to do so) and his alleged additional contact with other sources for providing assistance in evaluating the child's condition (notably missing from the transcript as well, despite additional time allowed by the ALJ to obtain this information). Instead of providing the testing data and contact information, plaintiff provided Dr. Glasscock's letter of June 12, 2003 which makes numerous references to "the research literature," but no reference to the necessary

objective findings that would support his disabling opinions.[1] Plaintiff faults the ALJ for not providing this letter to Dr. Wagner. However, given the letter's content, the Court agrees with the ALJ's finding, that the letter provided no credible basis for any change in Dr. Wagner's earlier testimony (Tr. 37).

In light of the foregoing, the Court finds that the ALJ's Decision is properly supported by substantial evidence, and comports with applicable law. The Report and Recommendation of the Magistrate are adopted, and the decision of the Commissioner is upheld. A Judgment in conformity with this Memorandum Opinion has this day been entered.

---

[1] The magistrate aptly points out that the letter repeatedly references the child's "disability," which is an improper legal conclusion on an issue reserved to the Commissioner, 20 C.F.R. 404.927(e)(1).